

_____
Honorable Bruce A. Markell
United States Bankruptcy Judge

**Entered on Docket**
**March 07, 2013**

_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No.: 10-23266-BAM |
|---|---|
| | Hon. Bruce A. Markell |
| LUIS VAZQUEZ, | Chapter 11 |
|            DEBTOR. | **ORDER CONFIRMING PLAN OF REORGANIZATION OF LUIS VAZQUEZ** |
| | Hearing Date: February 5, 2013 |
| | Hearing Time: 9:00 am |

      LUIS VAZQUEZ (the "Debtor"), as Debtor and Debtor in possession, having proposed and filed the Chapter 11 Plan of Reorganization (the "Plan"); and the Court having conducted a hearing on February 5, 2013 at 9:00am (the "Hearing") to consider confirmation of the Plan, as modified by certain modifications filed with the Court as set forth in the Debtor Declaration in Support of Confirmation of his Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Declaration"), Stipulations with creditors GMAC and BAC Home Loan Servicing; and the Court having considered (i) the arguments of counsel presented at the Hearing, (ii) the pleadings filed in support of confirmation; and the Court being familiar with the Plan and other relevant factors affecting this case pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"); and the Court having taken judicial notice of the entire record of the Chapter 11 case, including, without limitation, all pleadings and

papers filed by the Debtor in the Chapter 11 case, (i) the order (the "Disclosure Statement Order") entered by the Court on November 27, 2012 (a) approving the Debtor Disclosure Statement with Respect to the Plan (the "Disclosure Statement"), (b) approving the forms of ballots and solicitation and tabulation procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling the Hearing to (A) approve the Disclosure Statement, and (B) consider confirmation for the Chapter 11 Plan, and (f) appointing The Firm, P.C. ("FIRM") as solicitation and tabulation agent; and the Court having found that due and proper notice has been given with respect to the Hearing and the deadlines and procedures for objections to the Plan and the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Hearing, and after due deliberation thereon, and sufficient cause appearing therefore;

**IT IS HEREBY FOUND AND CONCLUDED**, that

### JURISDICTION AND VENUE

A. The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334.
B. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.
C. The Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor, is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.
D. Each of the conditions precedent to the entry of this Order has been satisfied.

### JUDICIAL NOTICE

E. This Court takes judicial notice of the docket of the Debtor Chapter 11 case maintained by the Clerk of the Court and/or its duly-appointed agent, and all pleadings and other documents filed, all orders entered and evidence and argument made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 case.

**STANDARDS FOR CONFIRMATION UNDER SECTION 1129 OF THE BANKRUPTCY**

**CODE**

F. Section 1129(a)(1). The Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122, 1123, 1125, and 1126 of the Bankruptcy code.

G. Section 1129(a)(4). No payment for services or costs in connection with the Chapter 11 case or the Plan has been made by the Debtor other than payments that have been authorized by order of the Court.

H. Section 1129(a)(7). Each holder of an impaired Claim that has not accepted the Plan will, on account of such Claim, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

I. Section 1129(a)(8). The Plan has been accepted by all impaired classes of Claims. Nevertheless, the Plan is confirmable because it satisfies 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting classes of Claims.

J. Section 1129(a)(9). The Plan provides treatment for Administrative and Priority Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

K. Section 1129(a)(10). The Plan has been accepted by all classes of impaired Claims that voted on the Plan, including classes 2 and 5, which is determined without including any acceptance of the Plan by any insider. Classes 1, 3, and 4 did not vote.

L. Section 1129(a)(11). Confirmation of the Plan is not likely to be followed by the liquidation or the need for the further financial reorganization of the Debtor.

M. Section 1129(a)(12). The Plan provides for the payment of all fees payable under section 1930, title 28, United States Code by the Debtor on the Effective Date (or as soon as practicable thereafter). After the Effective Date and until this Chapter 11 case is closed, converted, or dismissed, the Plan provides for the payment by the Disbursing Agent of all such fees as they become due and payable.

N. Section 1129(a)(15). There were no objections to the Plan from creditors holding allowed unsecured claims.

O. Section 1129(c). The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 case that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the

requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

P. Section 1129(d). No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

## EXECUTORY CONTRACTS

Q. Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, the Plan provides for the rejection of each and every executory contract and unexpired lease that is listed in the Plan Schedules as being rejected. The Debtor's decisions regarding the assumption and rejection of executory contracts and unexpired leases are based on and are within the sound business judgment of the Debtor, are necessary to the implementation of the Plan, the best interests of the Debtor, his estate, holders of Claims, and other parties in interest in this and are in consideration of the classification, distributions, and other benefits provided under the Plan, the Chapter 11 case.

R. As required by Section 365(b) of the Bankruptcy Code, all cure obligations associated with any executory contract or unexpired lease that is to be assumed under the Plan shall be paid.

## SETTLEMENTS AND INJUNCTIONS

S. Pursuant to sections 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and in consideration of the classification, distributions, and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all the Claims and controversies resolved pursuant to the Plan.

//

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

A. **General**

1. The Plan is hereby CONFIRMED and the record of the Hearing is hereby closed.
2. The Effective Date of the Plan shall occur on the date when the Court signs this Order confirming the Plan.
3. In accordance with section 1141(a) of the Bankruptcy Code and upon the occurrence of the Effective Date, the Plan shall be binding upon and inure to the benefit of (i) the Debtor and his respective successors and assigns, (ii) the holders of Claims and his respective successors and assigns (whether or not they voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such holder has filed, or is deemed to have filed a proof of Claim, (iii) any other Person giving, acquiring, or receiving property under the Plan, (iv) any party to an executory contract or unexpired lease of a Debtor and (v) each of the foregoing's respective heirs, successors', assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any.
4. On the Effective Date, except as otherwise provided in the Plan, title to all property of the Estates shall vest in and be transferred in accordance with the terms of the Plan. Notwithstanding any terms to the contrary, title to all properties may be placed in a holding company or remain in the Debtor names in accordance with the Plan.

B. **Treatment of Secured Claims**

5. The secured portions of the Lenders' claims are reduced to the stipulated value(s) or by Order of Motion To Value of the Properties, pursuant to 11 U.S.C. § 506(a).
6. That the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims", pursuant to 11 U.S.C. § 506(a).
7. That beginning March 1, 2013, Debtor shall maintain regular monthly post-petition payments on Secured Creditor's first Trust Deed obligation, encumbering the subject Property, generally described as 105 N. Pearl St. Las Vegas, NV 89110 in the amount of $308.41 per month, including 5.25% interest for 360 months, until Secured Creditor's entire claim, in the amount of $111,026.08, is paid in full. Payments are due on the first (1st) day of each month and are delinquent after the

fifteenth (15th) day of each month. Said payments shall be made directly to BAC HOME LOANS SERVICING, LP Mail Code TX2-982-03-03, 7105 Corporate Dr Plano, TX 75024, referencing loan number ending *****1385.

    i. That in addition to the monthly payment above, the Debtor shall maintain an escrow account with BAC in connection with the Loan for the insurance and property taxes on the Property. The current monthly escrow payment may change as escrow needs are reanalyzed over the remaining life of the loan.

    ii. That within 24 months of the entry of the Order Confirming Plan, Debtor shall pay the post-petition escrow shortage. Debtor should send payment of the correct amount directly to Secured Creditor.

    iii. That an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or if the subject property is sold prior to five (5) years from the date of Confirmation.

    iv. That in the event Debtor fail to timely and properly comply with the payments ordered above, Secured Creditor shall send to Debtor written notice of default with copy to Debtor' counsel, stating that the Debtor shall have ten (10) days to cure. Also, an additional attorney's fee of $100.00 will be incurred for each notice of default. In the event Debtor fail to timely and properly cure the delinquency pursuant to the 10-day written notice of default as set forth hereinabove, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, its assignees and/or successors in interest, and Secured Creditor, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale of the subject Property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the subject Property.

      v. That to the extent of any inconsistency between the terms of this Order and the terms set forth in any Chapter 11 Plan, the terms of this Order control.

      vi. That the terms, provisions and duties imposed upon each party pursuant to this Order shall become void and extinguished in the event this bankruptcy proceeding is dismissed, converted to another chapter or otherwise terminated by any other means or in the event the automatic stay is later terminated in favor of this secured creditor.

8. That beginning March 1, 2013, Debtor shall maintain regular monthly post-petition payments on Secured Creditor's first Trust Deed obligation, encumbering the subject Property, generally described as 4751 E. Craig Rd Las Vegas, NV 89115 in the amount of $919.94 per month, including 9.00% interest for 360 months, until Secured Creditor's entire claim, in the amount of $331,177.55, is paid in full pursuant to Secured Creditor's election under 1111(b) of the Bankruptcy Code. Payments are due on the first (1st) day of each month and are delinquent after the fifteenth (15th) day of each month. Said payments shall be made directly to BAC HOME LOANS SERVICING, LP, PO Box 660933 Dallas TX 75266-0933, referencing loan number ending in ****6243.

      i. That in addition to the monthly payment above, the Debtor shall maintain an escrow account with BAC in connection with the Loan for the insurance and property taxes on the Property. The current monthly escrow payment is $350.18 which may change as escrow needs are reanalyzed over the remaining life of the loan.

      ii. That within 6 months of the entry of the Order Confirming Plan, Debtor shall pay the post-petition escrow shortage. Debtor should send payment of the correct amount in certified funds to Miles, Bauer, Bergstrom & Winters, LLP, 2200 Paseo Verde Pkwy., Suite 250, Henderson, NV 89052, Attention: Bankruptcy Department made payable to BAC HOME LOANS SERVICING, LP.

      iii. That in the event Debtor fail to timely and properly comply with the payments ordered above, Secured Creditor shall send to Debtor

Case 10-23266-led    Doc 175    Entered 03/07/13 14:54:59    Page 8 of 16

written notice of default with copy to Debtor' counsel, stating that the Debtor shall have ten (10) days to cure. Also, an additional attorney's fee of $100.00 will be incurred for each notice of default. In the event Debtor fail to timely and properly cure the delinquency pursuant to the 10-day written notice of default as set forth hereinabove, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, its assignees and/or successors in interest, and Secured Creditor, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale of the subject Property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the subject Property.

    iv. That to the extent of any inconsistency between the terms of this Order and the terms set forth in any Chapter 11 Plan, the terms of this Order control.

    v. That the terms, provisions and duties imposed upon each party pursuant to this Order shall become void and extinguished in the event this bankruptcy proceeding is dismissed, converted to another chapter or otherwise terminated by any other means or in the event the automatic stay is later terminated in favor of this secured creditor.

9. That beginning March 1, 2013, Debtor shall maintain regular monthly post-petition payments on Secured Creditor's first Trust Deed obligation, for the property generally described as 1100 E 9th St, Pomona, CA 91766 in the amount of $1298.92 per month, including 5.25% interest for 360 months, until Secured Creditor's entire claim, in the amount of $467,611.20, is paid in full. Payments are due on the first (1st) day of each month and are delinquent after the fifteenth (15th) day of each month. Said payments shall be made directly to BAC HOME LOANS

-8-

SERVICING, LP, Mail Code: TX2- 982-03-03, 7105 Corporate Drive, Plano, TX 75024, referencing loan number ending in ****2770.

 i. That in addition to the monthly payment above, the Debtor shall maintain an escrow account with BAC in connection with the Loan for the insurance and property taxes on the Property. The current monthly escrow payment is $277.60, which may change as escrow needs are reanalyzed over the remaining life of the loan.

 ii. That within 6 months of the entry of the Order Confirming Plan, Debtor shall pay the post-petition escrow shortage. Debtor should send payment of the correct amount in certified funds to Miles, Bauer, Bergstrom & Winters, LLP, 2200 Paseo Verde Pkwy., Suite 250, Henderson, NV 89052, Attention: Bankruptcy Department made payable to BAC HOME LOANS SERVICING, LP.

 iii. That an additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or if the subject property is sold prior to five (5) years from the date of Confirmation.

 iv. That to the extent of any inconsistency between the terms of this Order and the terms set forth in any Chapter 11 Plan, the terms of this Order control.

 v. That in the event Debtor fail to timely and properly comply with the payments ordered above, Secured Creditor shall send to Debtor written notice of default with copy to Debtor' counsel, stating that the Debtor shall have ten (10) days to cure. Also, an additional attorney's fee of $100.00 will be incurred for each notice of default. In the event Debtor fail to timely and properly cure the delinquency pursuant to the 10-day written notice of default as set forth hereinabove, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, its assignees and/or successors in interest, and

        Secured Creditor, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale of the subject Property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the subject Property.

    vi. That the terms, provisions and duties imposed upon each party pursuant to this stipulation and order shall become void and extinguished in the event this bankruptcy proceeding is dismissed, converted to another chapter or otherwise terminated by any other means or in the event the automatic stay is later terminated in favor of this secured creditor.

10. That beginning March 1, 2013, Debtor shall maintain regular monthly post-petition payments on Secured Creditor's first Trust Deed obligation, encumbering the property generally described as 6001 Granada Ave Las Vegas, NV 89107 in the amount of $466.99 per month until Secured Creditor's entire claim, in the amount of $71,300.00, is paid in full. This payment is calculated as the present value of the subject Property ($71,300.00) to be paid at 6.0% interest over twenty-four (24) years. Payments are due on the first (1st) day of each month and are delinquent after the fifteenth (15th) day of each month..

    i. That in addition to the monthly payment above, the Debtor shall maintain an escrow account with GMAC in connection with the Loan for the insurance and property taxes on the Property. The current monthly escrow payment may change as escrow needs are reanalyzed over the remaining life of the loan.

    ii. That within 24 months of the entry of the Order Confirming Plan, Debtor shall pay the post-petition escrow shortage. Debtor should send payment of the correct amount directly to Secured Creditor.

    iii. That in the event Debtor fail to timely and properly comply with the payments ordered above, Secured Creditor shall send to Debtor written notice of default with copy to Debtor' counsel, stating that the Debtor shall have ten (10) days to cure. Also, an additional attorney's fee of $100.00 will be incurred for each notice of default.

> In the event Debtor fail to timely and properly cure the delinquency pursuant to the 10-day written notice of default as set forth hereinabove, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, Chase, its assignees and/or successors in interest, and Secured Creditor, its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale of the subject Property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the subject Property.

    iv.  That to the extent of any inconsistency between the terms of this Order and the terms set forth in any Chapter 11 Plan, the terms of this Order control.

    v.  That the terms, provisions and duties imposed upon each party pursuant to this stipulation and order shall become void and extinguished in the event this bankruptcy proceeding is dismissed, converted to another chapter or otherwise terminated by any other means or in the event the automatic stay is later terminated in favor of this secured creditor.

11. That unsecured portions of the Lenders' claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 11 plan.

12. That Lenders' secured rights and/or lien-holder rights in the Properties are hereby modified as set forth above, and the terms of the Notes thereon are hereby modified.

**C. Plan Implementation**

13. The Debtor is authorized to undertake or cause to be undertaken any and all acts and actions contemplated by the Plan or required to consummate and implement the provisions of the Plan, prior to, on, and after the Effective Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments, or documents necessary to implement the Plan. All such

actions shall be deemed to have occurred and shall be in effect without any requirement or further action by the Debtor.

14. Each federal, state, commonwealth, local, foreign or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Order.

### D. Plan Distributions

15. On and after the Effective Date, distributions on account of allowed Claims shall be effectuated pursuant to the Plan. Allowed Claims are those claims that have filed a proof of claim as of the confirmation date. Plan distributions shall commence on March 1, 2013 and end March 1, 2018. The Plan payment ("Distribution Payment") shall be $325.00. Debtor shall make the appropriate pro rata distributions on account of allowed claims pursuant to Appendix A of this Order.

16. In accordance with the Plan, all applications for payment of fees and reimbursement of expenses by professionals retained in these Chapter 11 Cases as well as parties seeking compensation pursuant to section 503 of the Bankruptcy Code must be filed with the Court by the date that is no later than forty-five (45) days after the Confirmation Date of the Plan (or, if such date is not a Business Day, by the next Business Day thereafter). Any Person or entity that fails to file such an application or request on or before such date shall be forever barred from asserting such Administrative Claim against the Debtor or his property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim. Applications for approval of professionals' fees not previously awarded during the pendency of the Chapter 11 case may be included in such professional's final applications as set forth herein and in the Plan. Objections, if any, to Fee Claims shall be filed and served not later than five (5) business days prior to the date set by the Court for the hearing to consider such requests.

### E. Executory Contracts and Leases

17. As of the Confirmation Date all executory contracts and unexpired leases of the Debtor shall be assumed, pursuant to sections 365 and 1123 of the Bankruptcy Code.

-12-

18. Upon the Confirmation Date of the Plan, the Debtor shall provide notice of the rejection pursuant to the Plan of an executory contract or unexpired lease to any non-debtor parties. In the event the Plan otherwise is not consummated, the Debtor may modify or amend (including, without limitation, making additions and/or deletions) all rights of a Debtor to assume or reject its unexpired leases and executory contracts shall be reinstated to the date immediately prior to the date of this Order.

F. **Taxes and Transfers**

19. The transfer of any security under the Plan or this Order has been duly authorized, and when issued as provided in the Plan, will be validly issued, fully paid, and non-assessable.

20. Creditors seeking to protect the validity, enforceability, perfection and priority of the liens and security interests granted and/or continued under the Plan may file financing statements, deeds of trust, mortgages or other documents and take any and all actions as they deem appropriate, in his respective discretion, to confirm the perfection of such security interests and liens.

21. All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and recorded notwithstanding any contrary provision of applicable non-bankruptcy law. This Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

G. **Miscellaneous**

22. From and after the Confirmation Date, this Court shall retain and have exclusive jurisdiction of all matters arising out of this Chapter 11 case pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code, including without limitation, jurisdiction over the matters set forth in the Plan, which is incorporated herein by reference, as if set forth in extenso.

23. Except as otherwise provided in the Plan and this Order, notice of all subsequent Priority Tax Claim for U. S. federal income taxes, if any, and the rights of the holder of such Claim, if any, to payment in respect thereof shall: (a) survive the Effective Date and consummation of the Plan and be determined in the manner and by the administrative or judicial tribunal in which the amount of such Claim and the rights of the holder of such Claim would have been resolved or adjudicated if

the Chapter 11 case had not been commenced; and (b) not be discharged, impaired or adversely affected by the Plan. In accordance with section 1124 of the Bankruptcy Code, the Plan shall leave unaltered the legal, equitable and contractual rights of a holder of such Claim.

24. Notwithstanding anything in the Plan or this Order to the contrary, the amount of any pleadings in this Chapter 11 case shall be limited to counsel for the Debtor, the United States Trustee, and any party known to be directly affected by the relief sought.

25. Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Court that the Plan is confirmed and such related agreements be approved in his entirety.

26. All entities holding Claims against in the Debtor that are treated under the Plan are hereby directed to execute, deliver, file, or record any document, and to take any action necessary to implement, consummate, and otherwise effect the Plan in accordance with its terms, and all such in connection with the Plan.

27. In accordance with section 1142 of the Bankruptcy Code, the Debtor, and any other entity designated pursuant to the Plan are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan and as set forth in the Plan.

28. Any document related to the Plan that refers to a plan of reorganization of the Debtor other than the Plan confirmed by this Order shall be, and it hereby is, deemed to be modified such that the reference to a plan of reorganization of the Debtor in such document shall mean the Plan confirmed by this Order, as appropriate.

29. In the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise

expressly provided for in such agreement, instrument, or document). In the event of any inconsistency between the Plan and/or any agreement, instrument, or document intended to implement the Plan, on the one hand, and this Order, on the other, the provisions of this Order shall govern.

30. The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

31. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

32. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court, or any other Court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

33. The Plan shall be substantially consummated on the Confirmation Date because the transactions described in the Plan shall have occurred or shall have been provided for.

34. In the event that the Debtor completes and pays all of the Plan payments as agreed, the Debtor may apply to this Court for an Order of Discharge.

35. The Debtor may at any time after the Confirmation Order pay off any remaining Plan payments in full and apply for a Discharge.

36. The Debtor shall commence making plan payments to the Distribution Agent and the Distribution Agent shall be reasonable compensated as outlined in the Disclosure Statement and the Debtor Plan of Reorganization. Monthly Plan payments shall commence on March 1, 2013 and continue for a period of 60 months. The Debtor last plan payment shall be March 1, 2018.

37. The Distribution Agent shall make pro rate distributions to only those creditors that filed Proofs of Claims and in the attached Appendix A of this Order. The

Distribution shall be entitled to $100.00 per month for making allowed plan distributions.

38. The Distribution Agent shall not pay those allowed Claims as set forth in Appendix A, which the total pro rata distribution is less than $100.00 over 60 months for Administrative Convenience.

**IT IS SO ORDERED.**

DATED this 12th day February, 2013.

                                                                                    THE FIRM, P.C.
                                                                                    /s/ Ryan Alexander
                                                                                    Nevada Bar No. 10845
                                                                                    *Attorney for Debtor*

Alternative Method re Rule 9021

In accordance with LR 9021, counsel submitting this document certifies as follows (check one)

    ___    The court has waived the requirement of approval under LR 9021.
    ___    No Parties appeared or filed written objections
     X     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

          GINA CORENA          APPROVED

   ___   I certify that this is a case under Chapter 7, 13, 9, 11, or 15, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.